**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WEI SUN,
<u>Plaintiff-Appellee,</u>

v.

TONY DONG LI; COLLEEN
MACDONALD LI,No. 99-1356
<u>Defendants-Appellants,</u>

and

G&S HOMES, LLC,
<u>Defendant.</u>

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CA-97-314-JFM)

Submitted: October 22, 1999

Decided: November 22, 1999

Before WILLIAMS and KING, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

John H. Doud, III, Baltimore, Maryland, for Appellants. Robert W.
Guth, Albert H. Lechner, THE LAW OFFICES OF ROBERT W.

GUTH, P.A., Columbia, Maryland; Jeffrey J. Plum, THE LAW OFFICES OF JEFFREY J. PLUM, P.A., Bel Air, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellants Tony Li and Colleen Li appeal the district court's order imposing compensatory and punitive damages following a jury verdict in favor of Appellee Wei Sun. Finding no error, we affirm.

This lawsuit arose out of a series of financial transactions between the Lis and Wei Sun. Sun claims he transferred more than $3,000,000 to the United States from China for potential investment. Although approximately half of that amount was ultimately returned to China at Sun's request, Sun claims that the remainder was used by the Lis to purchase a house and to fund a limited liability company, G & S Homes, L.L.C. The Lis deny Sun's claims and maintain that the money used to purchase the house and fund G&S Homes was provided by Tony Li's brother. The Lis subsequently denied Wei Sun access to and control over the house and G & S Homes. The jury found in favor of Sun on his claims for fraudulent misrepresentation, breach of fiduciary duty, and conversion. The jury awarded compensatory damages in the amount of $1,435,000 and punitive damages in the amount of $422,500. The district court reduced the punitive damage award to $60,000.

The Lis raise six issues on appeal: (1) whether there was clear and convincing evidence that Tony Li made a fraudulent misrepresentation to Wei Sun; (2) whether Sun's claim against the Lis' house is barred by the statute of frauds; (3) whether the district court erred in submitting the conversion count to the jury; (4) whether the district

2

court erred in submitting the breach of fiduciary duty count to the jury; (5) whether the district court erred in submitting Sun's claim for punitive damages to the jury; and (6) whether there is substantial evidence in the record to support the claims for damages. We have reviewed the record and find no merit to the Lis' arguments. Accordingly, we affirm.

Substantial evidence in the record supports the jury's determination that Tony Li made a fraudulent representation to Wei Sun. Because this court is bound by the credibility choices of the jury, we affirm the jury's verdict of fraud. See United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

We also find that the Maryland statute of frauds did not bar Sun's claim to recover monetary damages to the extent of the value of the Lis' home. As the district court correctly determined, Wei Sun did not claim actual title to the house. Instead, he argued that the property should have been an asset of G & S Homes, and that the company was entitled to compensation to the extent of the value of the property. Even though a direct claim to the house would be barred by the statute of frauds, Maryland law supports Sun's entitlement to compensation for the value of the property on a quantum meruit basis. See Duck v. Quality Custom Homes, Inc., 220 A.2d 143, 146 (Md. 1966).

Although the general rule is that the tort of conversion does not extend to intangible property rights, Maryland law has recognized an exception if the rights are "merged into a tangible document over which the defendant exercises some form of ownership or dominion" or when the defendant converts "specific segregated or identifiable funds." Allied Inv. Corp. v. Jasen, 731 A.2d 957, 965-66 (Md. 1999). The jury determined that the Lis knew the money at issue belonged to Wei Sun and that he owned all of the membership interest in G & S Homes. Nevertheless, the Lis exercised dominion over the underlying identifiable funds of the company and denied Sun's investment and ownership interest. We find that the district did not abuse its discretion in submitting the conversion claim to the jury.

The Lis claim that the district court improperly submitted the breach of fiduciary duty claim to the jury as an alternate theory of recovery. Because Sun "may join, either as independent or as alter-

3

nate claims, as many claims, legal, equitable, or maritime" as he has against the Lis under Rule 18(a) of the Federal Rules of Civil Procedure, we find this claim to be without merit. Accordingly, we find that the district court did not err in submitting this claim to the jury.

Finally, we find that the district court did not err in awarding punitive and compensatory damages to Sun. Whether Tony Li acted with actual malice to justify punitive damages in this case was a proper credibility determination for the jury and is not reviewable by this court. Additionally, we find that substantial evidence supports Sun's claims for compensatory damages.

Accordingly, we affirm the district's court orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4